UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTIN FLORES HERNANDEZ,

                Plaintiff,

– against –

VILLAGE NATURAL RESTAURANT CORP.
(D/B/A VIILLAGE NATURAL), LAI THUY
QUACH, LARRY CHUY (A.K.A. MR.
LARRY),

                Defendants.

**ORDER**

19 Civ. 08378 (ER)

RAMOS, D.J.:

    Plaintiff Martin Flores Hernandez brought this action on September 9, 2019 against Village Natural Restaurant Corp. (d/b/a/ Village Natural), Lai Thuy Quach, and Larry Chuy (collectively, "Defendants"), for violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law, and orders promulgated by the New York Commissioner of Labor. Doc. 1. Pending before the Court is the parties' request for approval of their Settlement Agreement ("Agreement"). Doc. 21.

    In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). To determine whether a proposed settlement is fair and reasonable, the Court must consider the totality of circumstances, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and

> defenses; (3) the seriousness of the litigation risks faced by the
> parties; (4) whether the settlement agreement is the product of
> arm's-length bargaining between experienced counsel; and (5) the
> possibility of fraud and collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (quotation omitted). Subject to one revision, the Court finds that the terms of the Agreement are fair and reasonable.

Plaintiff's proposed attorney's fees are too high. Under the Agreement, Plaintiff's counsel will receive $20,000 from the settlement fund as attorney's fees and costs, representing one third of Plaintiff's recovery. *See* Doc. 21-1 at 2. Although "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases[,]" they still use the lodestar method as a check to ensure that the attorney's fees are reasonable. *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). The lodestar amount is the product of a reasonable hourly rate and the reasonable number of hours required for the case. *See Millea v Metro-N. R. Co.*, 658 F3d 154, 166 (2d Cir. 2011).

As an initial matter, Plaintiff's attorneys' proposed hourly rates are unreasonably high. According to the documentation provided by counsel, Michael Faillace, who has practiced law for 37 years, billed 4.7 hours at a rate of $450 an hour; Jesse Barton, a senior associate who has practiced law for 8 years, billed 9 hours at a rate of $375 an hour; and paralegals billed 4.1 hours at a rate of $125 an hour. *See id.*; *see also* Doc. 21 at 3.

Notably, other courts in this District have concluded that Plaintiff's attorneys' proposed rates are excessive. *See, e.g.*, *Lazo*, 2019 WL 95638, at *2 (reducing Mr. Faillace's rate from $450 to $400 an hour and Mr. Barton's rate from $375 to $275 an hour); *Lopez v Ploy Dee, Inc.*, No. 15 Civ. 647 (BNA), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016) (noting that rates Mr. Faillace sought were "on the high end of what is typical in FLSA cases, and have previously been reduced by several courts in this district"). "Indeed, in recent cases in which courts have

been asked to determine a reasonable hourly rate for attorneys at Michael Faillace & Associates, the rates allowed have been below their requested 'regular' hourly rates." *Rosendo v Everbrighten Inc.*, No. 13 Civ. 7256 (JGK) (FM), 2015 WL 1600057, at *8 (S.D.N.Y. Apr. 7, 2015) (collecting cases). Accordingly, the Court cannot accept the Agreement as fair and reasonable without either reducing the hourly rates to an amount commensurate with the rates ordered by other courts in this District or justifying a departure from those courts' findings. Because Plaintiff's attorneys provide no such justification, the Court finds that Mr. Faillace's rate should be reduced to $400 an hour and Mr. Barton's rate should be reduced to $275 an hour. *See Lazo*, 2019 WL 95638, at *2.

Further, even if the Court accepted counsel's proposed rates, they yield a lodestar of $6,002.50, meaning that the requested attorney's fees are approximately 3.3 times higher than the lodestar. "Courts in this District have concluded that 'a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases.'" *Lazo*, 2019 WL 95638, at *3 (citing *Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906 (HBP), 2015 WL 4006896, at *10 (S.D.N.Y. July 1, 2015)). That is especially true where, as here, the case was resolved within a year of the complaint being filed and there was no motion practice. *Fujiwara v. Sushi Yasuda*, 58 F. Supp. 3d 424, 437–39 (S.D.N.Y. 2014) (rejecting a hypothetical multiplier of 3.8 and noting a multiplier of 2 was sufficient where the case settled within a year and there was no motion to dismiss); *see also Santiago v Rosehill Mgt. & Maintenance LLC*, No. 19 Civ. 10552 (ER), 2020 WL 2793024, at *1 (S.D.N.Y. May 29, 2020) (finding that settlement agreement became fair and reasonable when revised to decrease multiplier from 3.71 to 2.58). While some courts in this District have concluded that a higher multiplier may be appropriate in some circumstances, *see, e.g.*, *Pinzon v Jony Food Corp.*, No. 18 Civ. 105 (RA), 2018 WL 2371737, at

3

\*3 (S.D.N.Y. May 24, 2018) (accepting a lodestar multiplier of 5.23 where suit involved only one plaintiff), Plaintiff's attorneys fail to explain sufficiently why a multiplier as high as 3.33 is warranted in the instant case, *see Lazo*, 2019 WL 95638, at \*3. The Court finds that a multiplier of 3 is appropriate.

Adjusting the hourly rates for Plaintiff's attorneys—$400 an hour for Mr. Faillace and $275 an hour for Mr. Barton—yields a lodestar of $4,867.50. Applying a multiplier of 3, Plaintiff's attorneys are entitled to $14,602.50 in fees, as well as the $400 they identified as costs, totaling $15,002.50. *See* Doc. 21-2. Accordingly, Plaintiff is entitled to $44,997.50, net fees and costs, under the Agreement.

That settlement amount is fair and reasonable. Plaintiff alleges a maximum recovery of $331,338, meaning that Plaintiff's settlement amount, net attorney's fees and costs, represents 13.6% of the maximum possible recovery. *See* Doc. 21 at 2. Ordinarily, courts in this District reject agreements that propose settlement amounts that represent a low percentage of a plaintiff's proposed maximum recovery. *See Villanueva v 179 Third Ave. Rest Inc.*, No. 16 Civ. 8782 (AJN), 2018 WL 3392870, at \*2 (S.D.N.Y. July 12, 2018) (rejecting proposed settlement agreement where award to plaintiff represented 5.32% of estimated maximum recovery). In the instant case, however, the proposed amount is fair and reasonable. The case is at an early procedural posture, and there is value to Plaintiff receiving a cash settlement without experiencing the risks and delays inherent in litigation. *See Pinzon*, 2018 WL 2371737, at \*3. Further, Plaintiff's attorneys note that there were sharply contested factual issues and that "Defendants produced a plethora of employment records contradicting Plaintiff's claims." Doc. 21 at 2. Thus, "[i]n light of these litigation risks, the decision to forgo the burden and expense of trial is reasonable." *Beckert*, 2015 WL 8773460, at \*1. The Agreement also "appears to have

4

been the 'product of arm's-length bargaining between experienced counsel' with no evidence of 'fraud or collusion.'" *Pinzon*, 2018 WL 2371737, at *3 (quoting *Wolinsky*, 900 F. Supp. 2d at 335). Finally, Plaintiff's attorneys note that Defendants have produced records indicating that the COVID-19 pandemic has significantly diminished the viability of Defendants' business, thereby reducing the possibility that Plaintiff could collect the maximum recovery even if he prevails at trial. *Villanueva*, 2018 WL 3392870, at *2 ("Obstacles to collection may justify a reasonable settlement for an amount less than the maximum amount Plaintiffs might have recovered otherwise."). Thus, "[b]ased on the immediacy of . . . a cash settlement and the litigation risks associated with proceeding to trial," the Court finds that the proposed settlement amount is fair and reasonable. *Hyun v Ippudo USA Holdings*, No. 14 Civ. 8706 (AJN), 2016 WL 1222347, at *2 (S.D.N.Y. Mar. 24, 2016).

Accordingly, the parties' request for approval of the Agreement is GRANTED, subject to the reduction of the award of attorney's fees and costs from $20,000 to $15,002.50 and an increase of Plaintiff's award from $40,000 to $44,997.50. The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: September 14, 2020
New York, New York

_____
Edgardo Ramos, U.S.D.J.